**Dismissed and Opinion Filed December 9, 2024**



In the
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-24-01208-CR

**NORMAN AGNEW, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 195th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F23-24937**

## MEMORANDUM OPINION

Before Justices Carlyle, Goldstein, and Breedlove
Opinion by Justice Carlyle

Appellant appeals his conviction for unlawful possession of a firearm by a felon. Pursuant to a plea bargain that reduced the range of punishment, appellant pleaded guilty to the alleged offense and pleaded true to one punishment-enhancement paragraph. The trial court sentenced appellant to twelve years' imprisonment. We conclude we lack jurisdiction, and we dismiss this appeal for want of jurisdiction.[1]

---

[1] Appellant's appeals in cause numbers 05-24-01206-CR and 05-24-01207-CR remain pending before this Court.

Appellant was charged with unlawful possession of a firearm by a felon. The offense is a third-degree felony punishable by imprisonment for two to ten years. *See* TEX. PENAL CODE §§ 12.34, 46.04(a), (e). The indictment also alleged two punishment-enhancement paragraphs, which increased the range of punishment to imprisonment for twenty-five to ninety-nine years or life. *Id.* § 12.42(d).

The record shows appellant and the State entered into a plea bargain whereby the State abandoned one of the enhancement paragraphs, which reduced the range of punishment from twenty-five-to-ninety-nine-years to two-to-twenty-years, and appellant pleaded guilty to the offense and true to the remaining enhancement paragraph. *See id.* §§ 12.33(a), 12.42(a), (d). After hearing evidence on punishment, the trial court sentenced appellant to twelve years' imprisonment. The trial court signed a certification of appellant's right of appeal stating, "I certify that this criminal case is a plea-bargain case, and the defendant has NO right of appeal."

A criminal defendant cannot appeal from a plea bargain except in specific, limited circumstances:

> A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed, provided, however, before the defendant who has been convicted upon either his plea of guilty or nolo contendere before the court and the court, upon the election of the defendant, assesses punishment and the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney may prosecute his appeal, he must have permission of the trial court, except on those matters which have been raised by written motion filed prior to trial.

TEX. CODE CRIM. PROC. art. 44.02. The Texas Rules of Appellate Procedure set out further limitations:

> In a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only:
>
> (A) those matters that were raised by written motion filed and ruled on before trial,
>
> (B) after getting the trial court's permission to appeal, or
>
> (C) where the specific appeal is expressly authorized by statute.

TEX. R. APP. P. 25.2(a)(2).

Plea bargains include agreements to plead guilty in exchange for the State not pursuing enhancement paragraphs. *See Gordon v. State*, No. 05-19-00658-CR, 2020 WL 3071705, at *3 (Tex. App.—Dallas June 10, 2020, pet. ref'd) (mem op.; not designated for publication). The State's agreement to abandon one of the enhancement paragraphs, which reduced the range of punishment, constitutes a plea bargain under Rule 25.2. None of the three grounds for jurisdiction listed in Rule 25.2(a)(2) apply in this case.

When an appeal from a plea bargain is not authorized by Rule 25.2, "[a] court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal." *Chavez*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

Rule 25.2(d) also requires the court of appeals to dismiss the appeal if there is no certification from the trial court showing the defendant has the right of appeal. TEX. R. APP. P. 25.2(d). The certification in this case affirmatively shows appellant does not have the right of appeal, and the certification is supported by the record. Therefore, we must dismiss the appeal. *Id.*; *Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005).

We conclude we lack jurisdiction over this appeal, and we dismiss this appeal for want of jurisdiction.

/Cory L. Carlyle//
CORY L. CARLYLE
JUSTICE

241208f.u05
Do Not Publish
TEX. R. APP. P. 47.2(b)



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

NORMAN AGNEW, Appellant

No. 05-24-01208-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 195th Judicial District Court, Dallas County, Texas Trial Court Cause No. F23-24937. Opinion delivered by Justice Carlyle. Justices Goldstein and Breedlove participating.

Based on the Court's opinion of this date, the appeal is **DISMISSED** for want of jurisdiction.

Judgment entered this 9th day of December, 2024.